IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

GHUFRAN ZAFAR                          §
(TDCJ No. 2127065),                    §
                                       §
             Plaintiff,                §
                                       §
V.                                     §          No. 3:18-cv-2829-B-BN
                                       §
JAMAL QADDURA, ET AL.,                 §
                                       §
             Defendants.               §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

This *pro se* action filed by Plaintiff Ghufran Zafar, a Texas prisoner, has been

referred to the undersigned United States magistrate judge for screening under 28

U.S.C. § 636(b) and a standing order of reference from United States District Judge

Jane J. Boyle. The undersigned enters these findings of fact, conclusions of law, and

recommendation that the Court should dismiss with prejudice the federal claims

asserted in Zafar's complaint as amended by his verified responses to the Court's

screening questionnaire (the "amended complaint"); decline to exercise supplemental

jurisdiction over any state-law claims remaining in the amended complaint; and deny

Zafar's motions for a hearing and for a temporary restraining order ("TRO") or

preliminary injunction.

**Applicable Background**

Zafar has sued a bail bondsman and his company, asserting that the defendants

breached contractual duties and violated his constitutional rights. *See generally* Dkt.

No. 3. After reviewing the complaint, the Court issued a screening questionnaire,

asking Zafar to "explain how [the] individual [defendant] and/or the related company acted under color of state law. That is, how is the harm that you allege they caused you attributable to the State?" Dkt. No. 7 at 3. And, although Zafar filed a timely verified response, his response fails to answer the Court's question. *See* Dkt. No. 8.

Zafar also moves for an evidentiary hearing, *see* Dkt. No. 10, and for preliminary injunctive relief, *see* Dkt. No. 11. And the Court has granted him leave to proceed *in forma pauperis* ("IFP").

## Legal Standards

A district court is required to screen a civil action filed IFP and may summarily dismiss that action, or any portion of the action, if it, for example, "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

Dismissal for failure to state a claim "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. ____, 135 S. Ct. 346, 347 (2014) (per curiam); emphasis added by *Smith*), and the Federal Rules of Civil Procedure "do not countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 135 S. Ct. at 346. Indeed, to survive dismissal under the framework of *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that he contends entitle him to relief. *Johnson*, 135 S. Ct. at 347 (citing FED. R. CIV. P. 8(a)(2)-

(3), (d)(1), (e)); *see Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) ("A claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" (quoting *Iqbal*, 556 U.S. at 679)).

This rationale has even more force here, as the Court "must construe the pleadings of *pro se* litigants liberally," *Andrade v. Gonzales*, 459 F.3d 538, 543 (5th Cir. 2006), "to prevent the loss of rights due to inartful expression," *Marshall v. Eadison*, 704CV123HL, 2005 WL 3132352, at *2 (M.D. Ga. Nov. 22, 2005) (citing *Hughes v. Rowe*, 449 U.S. 5, 9 (1980)); *but see Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013) ("[L]iberal construction does not require that the Court or a defendant create causes of action where there are none.").

Although a court generally cannot look beyond the pleadings to determine whether claims should be dismissed, the pleadings here include Zafar's verified response to the Court's screening questionnaire [Dkt. No. 8]. *See Talib v. Gilley*, 138 F.3d 211, 213 (5th Cir. 1998) (citing *Eason v. Holt*, 73 F.3d 600, 602 (5th Cir. 1996)). Through the use of questionnaires – approved "to aid in the determination of whether a complaint [filed *in forma pauperis*] is frivolous" – a court is able to "'focus[] precisely on [the] factual allegations, puncturing the conclusion balloon in which they may at first be lodged.'" *Id.* (quoting *Spears v. McCotter*, 766 F.2d 179, 181 (5th Cir. 1985)).

And, "[o]rdinarily, 'a *pro se* litigant should be offered an opportunity to amend his complaint before it is dismissed.' ... Granting leave to amend, however, is not

required if the plaintiff has already pleaded [his] 'best case.' A plaintiff has pleaded [his] best case after [he] is apprised of the insufficiency of [his] complaint. [And a] plaintiff may indicate [he] has not pleaded [his] best case by stating material facts that [he] would include in an amended complaint to overcome the deficiencies identified by the court." *Wiggins v. La. State Univ. – Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (per curiam) (quoting *Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009); citations and internal quotation marks omitted).

## Analysis

As the screening questionnaire signaled to Zafar,

> "[p]rivate individuals generally are not considered to act under color of law," *Ballard v. Wall*, 413 F.3d 510, 518 (5th Cir. 2005), but "private action may be deemed state action when the defendant's conduct is 'fairly attributable to the State,'" *Priester v. Lowndes County*, 354 F.3d 414, 423 (5th Cir. 2004) (quoting *Bass v. Parkwood Hosp.*, 180 F.3d 234, 241 (5th Cir. 1999)).

*Moody v. Farrell*, 868 F.3d 348, 352 (5th Cir. 2017).

And "bail bondsmen are generally not considered state actors for purposes of liability under 42 U.S.C. § 1983." *Lafayette v. Prince*, Civ. A. No. 5:12cv122, 2013 WL 2637191, at *2 (E.D. Tex. June 11, 2013) (citing *Landry v. A-Able Bonding Inc.*, 75 F.3d 200, 204 (5th Cir. 1996); citation omitted); *see also Golden v. Collins*, No. 4:15CV71-DMB-SAA, 2016 WL 2909125, at *3 (N.D. Miss. Feb. 3, 2016), *rec. adopted*, 2016 WL 2858855 (N.D. Miss. May 16, 2016). "An exception to this rule can exist where the bondsman enlists the assistance of law enforcement officers in arresting the principal or otherwise acts in conspiracy with state actors." *Lafayette*, 2013 WL 2637191, at *2

(citing *Landry*, 75 F.3d at 204; citation omitted). But no such allegations exist in Zafar's amended complaint. *See generally* Dkt. Nos. 3 & 8. As such, Zafar has failed to state a constitutional claim, under Section 1983, against the defendants he has sued. *See, e.g., Lafayette*, 2013 WL 2637191, at *2; *Golden*, 2016 WL 2909125, at *3.

Further, because the Court offered Zafar an opportunity to amend his claims under Section 1983 through his verified questionnaire response after apprising him of the factual allegations necessary to support such a claim against private individuals, the Court should dismiss his constitutional claims with prejudice. *See Nixon v. Abbott*, 589 F. App'x 279, 279 (5th Cir. 2015) (per curiam) ("Contrary to Nixon's argument, he was given the opportunity to amend his complaint in his responses to the magistrate judge's questionnaire, which has been recognized as an acceptable method for a *pro se* litigant to develop the factual basis for his complaint." (citation omitted)).

And, to the extent that Zafar brings state-law claims in addition to the constitutional claims that should be dismissed with prejudice – the basis for the Court's subject matter jurisdiction – the Court should decline to exercise supplemental jurisdiction over any remaining state-law claims.

To determine whether it should "relinquish jurisdiction over pendent state law claims," a court looks to "statutory factors set forth by 28 U.S.C. § 1367(c)" – "(1) whether the state claims raise novel or complex issues of state law; (2) whether the state claims substantially predominate over the federal claims; (3) whether the federal claims have been dismissed; and (4) whether there are exceptional circumstances or other compelling reasons for declining jurisdiction" – as well as "the common law

factors of judicial economy, convenience, fairness, and comity" set forth by *Carnegie-Mellon University v. Cohill*, 484 U.S. 343, 350 (1988). *Enochs v. Lampasas Cnty.*, 641 F.3d 155, 158-59 (5th Cir. 2011). As "no single factor is dispositive," *Mendoza v. Murphy*, 532 F.3d 342, 346 (5th Cir. 2008), "[t]he overall balance of the statutory factors is important," *Enochs*, 641 F.3d at 159 (citation omitted).

Here, that balance favors relinquishing jurisdiction over any remaining state-law claims to allow Zafar to pursue those claims in a state forum, if he so chooses. *See, e.g., Montgomery v. Biolife – Shire*, No. 3:18-cv-2057-S-BN, 2018 WL 4976729, at *4 (N.D. Tex. Sept. 20, 2018), *rec. accepted*, 2018 WL 4963612 (N.D. Tex. Oct. 15, 2018).

The Court should also deny Zafar's motion for an evidentiary hearing [Dkt. No. 10] for these reasons.

Finally, to the extent that Zafar seeks preliminary injunctive relief, *see* Dkt. No. 11, "[t]o obtain a temporary restraining order, an applicant must show entitlement to a preliminary injunction," and "[t]he same four-factor test for preliminary injunctions also has been extended to temporary restraining orders," because "[a] TRO is simply a highly accelerated and temporary form of preliminary injunctive relief," *Horner v. Am. Airlines, Inc.*, No. 3:17-cv-665-D, 2017 WL 978100, at *1 (N.D. Tex. Mar. 13, 2017) (citations and internal quotation marks omitted). To obtain either, Zafar must therefore "show (1) a substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public

interest." *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009) (internal quotation marks omitted); *accord Canal Auth. of State of Fla. v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

"As a threshold matter, the Court may not issue a TRO in this case because (a) [Zafar] has not sworn to specific facts in an affidavit or a verified complaint that clearly show that immediate and irreparable injury, loss or damage will result to him before the [Defendants] can be heard in opposition, and (b) [he] has not certified in writing any efforts made to give notice of the filing of the request for a TRO to the [Defendants] and the reasons why such notice should not be required." *Ray v. La. Dep't of Public Safety & Corrs.*, Civ. A. No. 16-810, 2016 WL 5875947, at *2 (W.D. La. Oct. 7, 2016) (citing FED. R. CIV. P. 65(b)(1)).

Nevertheless – and to the extent that he seeks a preliminary injunction – Zafar fails as to the first, substantial-likelihood element, as to both his Section 1983 claims (for the reasons explained above) and his state-law claims, because he has yet to provide factually plausible allegations in support of those claims.

## Recommendation

The Court should dismiss with prejudice the federal claims asserted in Plaintiff Ghufran Zafar's complaint [Dkt. No. 3] as amended by his verified responses to the Court's screening questionnaire [Dkt. No. 9] (the "amended complaint"); decline to exercise supplemental jurisdiction over any state-law claims remaining in the amended complaint; and deny Zafar's motions for a hearing [Dkt. No. 10] and for a temporary restraining order or preliminary injunction [Dkt. No. 11].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: November 27, 2018

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE